IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ASHTON WILLIAMS,    Individually and On Behalf of All Other Persons Similarly Plaintiffs, | § § § § § | |
| V. | § § | Case No. _____ |
| PERSOLVE RECOVERIES, LLC Defendant | § § § | |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff Ashton Williams, Individually and on Behalf of All Other Persons Similarly Situated, file this Plaintiffs' Original Class Action Complaint and Jury Trial Demand complaining of Defendant Persolve Recoveries, LLC. This action is filed for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (FDCPA); Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392.001 *et seq.* and Texas Finance Code Section 348.501.  Plaintiffs allege as follows.

### I. Parties

1.    Plaintiff Ashton Williams is a Texas citizen and resident of Dallas County, Texas.

2.    **Defendant Persolve Recoveries, LLC (hereinafter "Persolve")** is registered as a Foreign Limited Liability Company with the Texas Secretary of State having a principal office address of 9301 Corbin Avenue Suite 1600 Northridge, California. However, in pleadings filed in Texas courts against Texas residents

during calendar year 2022, Persolve lists its principal office address as 13890 Bishops Dr. Ste 450, Brookfield, WI 53005-6612. Upon information and belief, Persolve is a Delaware limited liability company, who has availed itself of the laws and courts of the State of Texas. Persolve Recoveries, LLC may be served by serving its registered agent for service of process in Texas at the following address:

**Corporation Service Company**
**211 East 7th Street, Suite 620**
**Austin, Texas 78701**
**or elsewhere in the State of Texas where any officer may be found**.

## II. Jurisdiction and Venue

4.    This Court has federal question jurisdiction over this case under 15 U.S.C. § 1692k(d); 28 U.S.C. § 1331 and 28 U.S.C. § 1337. Alternatively, diversity jurisdiction exists for this action because all Plaintiffs are Texas residents and the defendant is a Delaware Limited Liability Company and the amount in controversy exceeds $75,000.00.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) Defendant Persolve Recoveries, LLC transacts business in the State and in the District because it has purchased contracts with residents of the District; (iii) Defendant Persolve Recoveries, LLC further transacts business in the State and in the District because it is attempting to collect debts in the State and District; (iv) Defendant has committed illegal acts in the District by filing lawsuits to collect debts that are not owed to it, in violation of the FDCPA and

the TDCPA and (v) a substantial part of the events or omissions giving rise to the claim occurred in this District.

## III. Factual Allegations

6.      Persolve Recoveries, LLC is a bulk purchaser of debts that are in default. Those debts include Motor Vehicle Retail Installment Contracts in the State of Texas. Persolve Recoveries, LLC seeks to collect the alleged debts on those Retail Installment Contracts in the State of Texas.

7.      Under Tex. Finance Code § 348.501, a person may not be a holder of the retail installment contract unless the person: (1) is an authorized lender or a credit union; or (2) holds a license issued under Chapter 348. Persolve Recoveries, LLC is not an authorized lender or a credit union and does not hold a license under Tex. Finance Code Ch. 348. Therefore, Persolve Recoveries, LLC is not entitled to collect on the Motor Vehicle Retail Installment Contracts.

8.      Ashton Williams (hereinafter "Plaintiff") was a purchaser of a vehicle on a Motor Vehicle Retail Installment Contract. Persolve Recoveries, LLC has asserted that it is the holder of Plaintiff's Retail Installment Contract as assignee of Bridgecrest Acceptance Corporation and Defendant Persolve Recoveries, LLC is attempting to collect on that contract. On or about May 22, 2022 in Cause No. JX22-01515D in the Justice Court, Precinct 2, Place 1 of Dallas County, Texas Persolve Recoveries, LLC filed a lawsuit against Plaintiff in an attempt to collect the alleged outstanding balance due upon a Motor Vehicle Installment Sales Contract. In the

lawsuit, Persolve Recoveries, LLC alleges that it is the owner of the subject Motor Vehicle Installment Sales Contract and entitled to sue to recover an alleged outstanding balance. Because Persolve Recoveries, LLC was not an authorized lender, credit union or license holder under Tex. Finance Code Ch. 348, the debt is not owed to Persolve Recoveries, LLC.

10.     Persolve Recoveries, LLC is seeking to collect on Motor Vehicle Retail Installment Contracts against class members throughout the State of Texas and misrepresenting through demand letters and lawsuits and judgments that those debts are owed to Persolve Recoveries, LLC.

## IV. Class Action Allegations

10.     Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this suit individually and as representatives of a class of similarly situated persons. The Court should enter an order to certify a plaintiff class as follows:

> All persons listed in Persolve Recoveries, LLC's records as a debtor to Persolve Recoveries, LLC on a motor vehicle retail installment contract and for whom:
>
> (1) the debt originated in Texas;
>
> (2) the retail installment contract reflects that the vehicle will be used for personal, family, or household purposes;
>
> (3) no petition for bankruptcy has been filed;
>
> (4) no agreement exists waiving FDCPA and or FCRA claims against Persolve Recoveries, LLC;

(5) Persolve Recoveries, LLC either sent a demand letter or filed suit or obtained a judgment on a motor vehicle installment sales contract debt on or after the date one year before this suit was filed;

Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant.

11.    The class is so numerous that joinder of all members is impracticable. Plaintiff is unable to state the exact number of the members of the class without the discovery of information available to Defendants, but upon information and belief aver that there are hundreds of class members. The number of the members of the class makes it impracticable to bring them all before the court.

12.    There are questions of law and fact common to the class. These questions predominate over any questions affecting only individual members of the class. The questions of fact and law affecting the class as a whole, include, but are not limited to:

- whether Persolve Recoveries, LLC is an authorized lender, credit union or license holder under Tex. Finance Code Ch. 348;

- whether Tex. Finance Code § 348.501 prohibits Persolve Recoveries, LLC from collecting on motor vehicle retail installment contracts;

- whether Persolve Recoveries, LLC's representation in letters sent to debtors and in lawsuits filed against Texas residents and in

obtaining judgments against Texas residents for alleged balances due on motor vehicle installment contracts that the debts are owed to Persolve Recoveries, LLC violate the Federal Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(2), (5) and (10) and 15 U.S.C. § 1692f.

• whether Persolve Recoveries, LLC's violated the TDCA, Section 392.304(a)(8) and (19) by using false representations or deceptive means to collect a debt...

• whether Persolve Recoveries, LLC's violations of the Fair Debt Collection Practices Act entitles the alleged debtors to monetary relief.

• whether Persolve Recoveries, LLC's representations that the debts are owed to Persolve Recoveries, LLC violate the Texas Debt Collection Act (TDCA), Tex. Fin. Code § 392.001 *et seq.*

• whether Persolve Recoveries, LLC's violations of the Texas Debt Collection Act entitles the alleged debtors to injunctive relief.

• whether Plaintiffs are entitled to attorneys' fees.

13.    Plaintiff's claims are typical of the claims of the class. The claims have the same essential characteristics as the claims of the members of the class as a whole and are based upon identical legal theories. It is the same course of conduct that serves as the gravamen of the claims against Defendant. The members of the class have suffered the same type of injury and possess the same interests as Plaintiff. The

single resolution of these claims would be preferable to a multiplicity of similar actions.

14.    Plaintiff, as the representative party, will fairly and adequately protect the interests of the class. The counsel representing Plaintiff and the class are qualified, experienced and able.

15.    This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

16.    This suit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

17.    *Predominance*. The questions of law or fact common to the members of the class predominate over any questions affecting only individual members. The underlying facts are largely undisputed and liability will be determined as a matter of law. The few facts that are disputed will be resolved without the participation of individual class members. Plaintiff's claims do not present individual questions of causation or reliance. The facts of Defendants' practices are common to all members.

18.    *Superiority*. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Given the large size of the class, individual adjudication of the claims would require thousands of lawsuits. Moreover,

intervention and joinder would require the intervention or joinder of thousands of parties. Individual adjudication, intervention, and joinder, therefore, are not reasonable options. Class treatment is superior to all other methods of adjudicating the claims of the putative class.

19.    Individual control. The interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment. Members of the class possess claims for economic damages that in most instances do not exceed a few thousand dollars. Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim. In fact, individual adjudication of these claims remains wholly impractical. The class members would be compelled to spend substantially more money on attorney's fees and case costs to prosecute their individual claim than the amount of each individual claim. The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

20.    *Other factors.* On information and belief, there are few if any other cases pending by or against members of the class raising the claims asserted herein. This Court is the desirable forum for this controversy because the Defendants transact business in this District. No significant difficulties are likely to be encountered in the management of a class action. Plaintiffs will be able to identify class members through discovery of Defendants' extensive computer database storing information

regarding past and present customers. Thus, no difficulties exist regarding the identification of class members.

### V. Count 1: Claim for Relief Under Fair Debt Collection Practices Act

21.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

22.    Persolve Recoveries, LLC is a "debt collector" as defined by 15 U.S.C.A. § 1692a (6) and subject to the FDCPA because it purchased the debts at issue while they were in default.

23.    The prohibitions contained in the FDCPA apply to Persolve Recoveries, LLC's attempts to collect on a motor vehicle retail installment contract and representations that the debts are owed to Persolve Recoveries, LLC.

24.    The FDCPA prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt:"

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: …
>
> (2) The false representation of--
>
>      (A) the character, amount, or legal status of any debt; or …
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. …

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Persolve Recoveries, LLC's representations that the debt is owed to Persolve Recoveries, LLC, when Persolve Recoveries, LLC is barred by law from being a holder of the debt because they do not hold the proper license, violates both the general prohibition and the specific prohibitions in subsections 2, 5, and 10.

25.    The FDCPA also prohibits the use of unfair practices:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f. Persolve Recoveries, LLC's representations that that the debt is owed to Persolve Recoveries, LLC, when Persolve Recoveries, LLC is barred by law from being a holder of the debt, constitute an unfair and/or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

26.    The FDCPA provides for monetary damages as follows:

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of such failure;

(2) (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

(B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. …

15 U.S.C. § 1692k (a).

27.    Class members and the named Plaintiff are entitled to collect from Persolve Recoveries, LLC actual damages in the amount of all payments made to Persolve Recoveries, LLC plus all interest, court costs taxed against them and additional charges thereon, and the costs of this action.

28.    Plaintiff is entitled to recover against Defendant Persolve Recoveries, LLC the sum of $1,000 under 15 U.S.C. § 1692k (a)(2)(B)(i).

29.    The Plaintiff class is entitled to recover against Defendant Persolve Recoveries, LLC such amount as the court may allow, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector under 15 U.S.C. § 1692k (a)(2)(B)(ii).

30.     Plaintiff, individually and as representative of the class, has been forced to retain counsel to assist in bringing this action. As such, Persolve Recoveries, LLC is liable to the Plaintiffs and the class for reasonable attorneys' fees.

### VI. Count 2: Claim for Relief Under Fair Debt Collection Practices Act

31.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

32.     Defendant Persolve Recoveries, LLC is a "debt collector" as defined by 15 U.S.C.A. § 1692a (6) and subject to the FDCPA.

33.     Defendant Persolve Recoveries, LLC's misrepresentations alleged above constitute the use of false, deceptive, or misleading representation or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e.

34.     Defendant Persolve Recoveries, LLC's practices alleged above constitute the use of unfair or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692f.

35.     Class members and the named Plaintiffs are entitled to collect from Persolve Recoveries, LLC actual damages in the amount of all payments made to Persolve Recoveries, LLC plus all interest, court costs taxed against them and additional charges thereon, and the costs of this action.

36.     Plaintiff is entitled to recover against Defendant Persolve Recoveries, LLC the sum of $1,000 each under 15 U.S.C. § 1692k (a)(2)(B)(i).

37.     The Plaintiff class is entitled to recover against Defendant Persolve Recoveries, LLC such amount as the court may allow, not to exceed the lesser of

$500,000 or 1 per centum of the net worth of the debt collector under 15 U.S.C. § 1692k (a)(2)(B)(ii).

38.    Plaintiff, individually and as representative of the class, has been forced to retain counsel to assist in bringing this action. As such, Persolve Recoveries, LLC is liable to the Plaintiffs and the class for reasonable attorneys' fees.

### VII. Count 3: Claim for Relief Under Texas Debt Collection Act

39.    Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

40.    The Texas Debt Collection Act (TDCA) applies to creditors collecting their own debt. Tex. Fin. Code § 392.001 (5, 6). Thus, Persolve Recoveries, LLC is a "debt collector" under that Act and subject to the TDCA.

41.    The prohibitions contained in the TDCA apply to Persolve Recoveries, LLC's attempts to collect on a motor vehicle retail installment contract.

42.    The Texas statute prohibits fraudulent, deceptive or misleading representations:

> Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices: …
>
> > (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; …

(19) using any other false representation or deceptive means to

collect a debt or obtain information concerning a consumer.

*Id.* § 392.304 (a). Persolve Recoveries, LLC's representations that the debt is owed to Persolve Recoveries, LLC, when Persolve Recoveries, LLC is barred by law from being a holder of the debt, violate those prohibitions.

43.    The Texas statute provides the following relief:

(a) A person may sue for:

(1) injunctive relief to prevent or restrain a violation of this

chapter;

and

(2) actual damages sustained as a result of a violation of

this chapter.

(b) A person who successfully maintains an action under

Subsection (a) is entitled to attorney's fees reasonably related to

the amount of work performed and costs. …

*Id.* § 392.403.

44.    Defendant's attempts to collect debts allegedly owed to Persolve Recoveries, LLC', when Persolve Recoveries, LLC is barred by law from being a holder of the debt, violate TEX. FIN. CODE § 392.304 (a). Plaintiff requests that the Court issue a permanent injunction enjoining and restraining Defendant from taking any action to collect from Plaintiff an alleged debt owed to Persolve Recoveries, LLC unless and until Persolve Recoveries, LLC holds a license to do so.

Original Complaint
Page 14

45.    Defendants' attempts to collect debts allegedly owed to Persolve Recoveries, LLC, when Persolve Recoveries, LLC is barred by law from being a holder of the debt, violate TEX. FIN. CODE § 392.304 (a). Plaintiff and the Plaintiff class request that the Court issue a permanent injunction enjoining and restraining Defendants from taking any action to collect from Plaintiff or the class members an alleged debt owed to Persolve Recoveries, LLC unless and until Persolve Recoveries, LLC holds a license to do so.

46.    Class members and the named Plaintiffs are entitled to collect from Persolve Recoveries, LLC actual damages in the amount of all payments made to Persolve Recoveries, LLC plus all interest, court costs taxed against them and additional charges thereon, and the costs of this action. Plaintiff, individually and as representative of the class, has been forced to retain counsel to assist in bringing this action. As such, Persolve Recoveries, LLC is liable to the Plaintiff and the class for reasonable attorneys' fees.

## VIII. Jury Demand

47. Plaintiff requests a trial by jury against Defendants on all issues triable as a matter of right.

WHEREFORE, Plaintiff Ashton Williams, Individually and on Behalf of All Other Persons Similarly Situated, requests that Defendants be cited to appear and answer in this action, and that upon final trial of this cause, the Court issue judgment that Plaintiff and the Plaintiff Class have and recover over and against Defendants Ashton Williams, a judgment for the damages made the basis of this lawsuit, post

judgment interest, reasonable and necessary attorneys' fees, injunctive relief and costs of court. Plaintiff Ashton Williams, Individually and on Behalf of All Other Persons Similarly Situated, also requests all other relief to which the Plaintiff and the Plaintiff Class are justly entitled to receive.

Respectfully submitted,
LAW OFFICES OF EMERY C. SHANNON, P.C.

By:  /s/ Emery Clark Shannon
     Emery Clark Shannon
     Texas Bar No. 18096800
     Phone: (940) 800-8005
     1332 Teasley Lane, Suite 100
     Denton, Texas 76205
     Fax: (940) 800-8006
     Please serve all Pleadings, Notices and
     Discovery to: service@shannonlaw.com

**ATTORNEY FOR PLAINTIFFS**

Original Complaint
Page 16